ATLANTIC COAST LINE R. CO. v. WINN.

(Circuit Court of Appeals, Fifth Circuit. November 28, 1917. Rehearing Denied January 12, 1918.)

No. 3035.

1. DEATH ☞50—RIGHT TO SUE—EMPLOYERS' LIABILITY ACT.

Under Georgia Employers' Liability Act (Acts 1909, p. 160), declaring that in case of the death of an employé of a common carrier suit may be instituted by the surviving widow, in case no administrator or executor has been appointed at the time suit is filed, a petition by the surviving widow of the railroad employé, killed in an accident, which did not allege that no executor or administrator had been appointed at the time suit was filed, is defective, if seeking to state the cause of action under the statute.

DEATH ☞46—INJURIES TO SERVANT—EMPLOYERS' LIABILITY ACT—ACTIONS —PETITION—STATUTE.

Petition of the surviving widow of an employé on a train of a second company operated over the tracks of defendant company, which sought recovery for the death of such employé from defendant, alleged that trains operated over defendant's tracks were operated under its rules and under the exclusive management, direction, and control of defendant, that the train was the property of the second railroad company, but that the officers and agents of defendant in charge of the operation of its trains had exclusive right to control the direction of such trains, even to the extent of discipline and discharge of train employés of the second company. *Held* that, while the petition showed that the employés of the second company engaged in operating trains over the tracks of defendant were entitled to many rights to which they would have been entitled if employés of defendant, including among them the right of a safe place to work and protection against negligence of the officers, agents, and employés of defendant, such employés were not defendant's employés, so that an action for death should have been brought under the Employers' Liability Act of Georgia, in which state the accident occurred, but the action was properly brought by the surviving widow in her own name under the general death statute.

In Error to the District Court of the United States for the Southern District of Georgia; W. W. Lambdin, Judge.

Action by Minnie L. Winn against the Atlantic Coast Line Railroad Company, begun in state court and removed to federal court. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Wm. W. Osborne, A. A. Lawrence, E. H. Abrahams, and Shelby Myrick, all of Savannah, Ga., for plaintiff in error. Francis M. Oliver and Edgar J. Oliver, both of Savannah, Ga., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge. The questions involved herein arise upon the action of the trial court in overruling a general demurrer to the petition of defendant in error. The only matter necessary to consider is whether the fifth paragraph of the petition shows that the husband of defendant in error, damages for whose death she sues, was an employé of plaintiff in error. The paragraph is as follows:

"Your petitioner further shows that the line of railroad leading from Savannah, Georgia, to Jesup, Georgia, over which the said Southern passenger train, No. 31, was being operated, was owned, operated, and controlled by the Atlantic Coast Line Railroad Company. The said Atlantic Coast Line Railroad·Company had the exclusive chartered rights and privileges to the said line of railway, and the trains of the said Southern Railway, running into and out of Savannah, between Savannah, Georgia, and Jesup, Georgia, over the main track of the Atlantic Coast Line Railroad Company, were operated under the. rules of the Atlantic Coast Line Railroad Company, and under the exclusive management, direction, and control of the said Atlantic Coast Line Railroad Company. The engine, cars, and equipment of said Southern Railway trains, were the property of the Southern Railway Company, and the employés in charge of said trains were the employés of the Southern Railway Company; but the officers and agents of the Atlantic Coast Line Railroad Company in charge of the operation of its trains, had also the exclusive right to control and direct the operation of the trains of the Southern Railway over said Coast Line tracks, even to the extent of discipline and discharge of the train employés of the Southern Railway."

[1] The Employers' Liability Act of Georgia (Acts 1909, p. 160) provides that, in case of death of an employé of a common carrier, resulting from the negligence named in the statute, suit may be instituted by the surviving widow "in case no administrator or executor has been appointed at the time suit is filed." The petition makes no allegation to the effect that at the time the suit was filed there was no executor or administrator of the deceased husband of the plaintiff. If the necessary implication of the concluding clauses of the quoted paragraph is that the deceased husband of the plaintiff was an employé of the Atlantic Coast Line Railroad Company, the petition is lacking in an essential allegation, and was not good, even as against a general demurrer.

[2] The allegations indicate that the Southern Railway Company, by whom the deceased was employed as a locomotive engineer, operated its trains over the railroad of defendant. These trains, according to the allegations of the petition, were operated under the rules of the defendant company, and under its exclusive management, direction, and control. The engines, cars, and equipment were the property of the Southern Railway Company, and the employés in charge of the train were its employés; but, says the petition:

"The officers and agents of· the Atlantic Coast Line Railroad Company in charge of the operation of its trains had also the exclusive right to control and direct the operation of the trains of the Southern Railway over said Coast Line tracks, even to the extent of discipline and discharge of the train employés of the Southern Railway."

It was, of course, essential to the safe operation of the trains, the tracks not being exclusively used by the Southern Railway Company, that entire control should be in the owning or one of the interested companies, and, under the allegations, this matter of directing the operation of trains was in the defendant company. This right to direct also, almost necessarily, carried with it authority to discipline and discharge train employés while engaged in the operation of such trains. The right to discipline and discharge is an ordinary incident to the relation of employer and employé, but that right does not conclusively fix such relationship. Conditions may arise, and have arisen in this case, where

it is necessary that the employer should delegate to another a limited and temporary right to discipline and discharge. The employés operating the Southern Railway trains were not hired by the Atlantic Coast Line Company, were not paid by that company, were not working for the benefit of that company, and were subject to discipline and discharge only when the conditions made it impossible for the Southern Railway Company to exercise that right, and made it necessary that the right should be in the Coast Line Company.

Under the circumstances detailed in the fifth paragraph, the employés of the Southern Railway Company were entitled from the Coast Line Company to many of the rights of employés. Among these was the right to a safe place to work and to protection against negligence of the officers, agents, and employés of the defendant company. But while such persons had certain rights measured by the rights of employés, they did not have all the rights which employés have, and one of the rights which they had not acquired was the benefit of the liberalized rules as to liability for negligence established by the Georgia Employers' Liability Act.

The allegations of the fifth paragraph are, we think, consistent with relations between the Atlantic Coast Line Company and employés of the Southern Railroad Company, other than that of employer and employé. The widow of the deceased engineer is entitled to sue under the general statute with reference to damages for injuries resulting in death, and she has properly brought the suit in her own name. In other respects the petition sets forth a good cause of action, and the general demurrer was properly overruled.

The judgment is affirmed.